NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARRYL PUGH,

          Plaintiff-Appellant,

  v.

P. LAM, M.D., et al.,

          Defendant(s)-Appellee(s).

No. 20-15736

D.C. No. 3:17-cv-06803-CRB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted February 17, 2021**

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

    California state prisoner Darryl Pugh appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir.

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2020).  We affirm.

The district court properly granted summary judgment for defendant Friederichs because Pugh failed to raise a genuine dispute of material fact as to whether Friederichs was deliberately indifferent in treating Pugh's neck, shoulder, and arm pain, and right hand numbness.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (explaining that deliberate indifference is a "high legal standard" requiring that a prison official know of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a prisoner must show that the course of treatment was medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to the prisoner's health).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider arguments incorporated by reference into the briefs.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (this court reviews only issues argued specifically in a party's opening brief).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider Pugh's renewed request for appointment of counsel (Docket Entry No. 16). In Docket Entry No. 11, this court denied Pugh's motion for appointment of counsel and ordered that no motions for reconsideration, clarification, or modification of the denial shall be filed or entertained.

**AFFIRMED.**